## WILLIS v. PARKER.

LITTLE, J. 1. When on the trial of an issue arising under a claim interposed to the levy of a distress warrant the possession of the property levied on is not indicated by the return of the officer, and it appears that on the trial the plaintiff introduced his distress warrant and closed, and that none of the evidence showed or tended to show that the ownership of the property was either in the defendant or the claimant, *held*, that in order to make a prima facie case entitling the plaintiff to subject the property levied on, it must be shown in some legal way to be the property of the defendant. Otherwise, a verdict subjecting the property can not be sustained.

2. The court erred in overruling the certiorari.

*Judgment reversed. All the Justices concurring.*

Submitted May 10, — Decided May 31, 1899.

Certiorari. Before Judge Butt. Talbot superior court. September term, 1898.

*J. J. Bull*, for plaintiff in error.

---

## MAYOR AND COUNCIL OF AMERICUS v. ELDRIDGE.

LITTLE, J. 1. The charge complained of in the present case was substantially in accord with section 3586 of the Civil Code, and therefore correct as an abstract proposition of law. This being so, and the motion for a new trial alleging no reason why the charge in question was inappropriate in the present case, the giving of it can not be treated as affording cause for a new trial.

2. There was sufficient evidence to warrant the verdict, and the same having been approved by the trial judge, this court will not control his discretion in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring.*

Submitted May 11, — Decided May 31, 1899.

Equitable petition. Before Judge Littlejohn. Sumter superior court. August 2, 1898.

*James Taylor*, for plaintiff in error. *Allen Fort*, contra.