## CENTRAL OF GEORGIA RAILWAY CO. *v.* BOND.

1. The rule that where the question under examination is one of opinion a witness not an expert is incompetent to testify to his opinion without stating the facts on which it is based applies when an attempt is made to prove what distance a train running at a given rate of speed would "knock" a man struck by it on the track.
2. The Supreme Court can not undertake to determine whether or not permitting a witness to answer a particular question propounded to him was prejudicial to the party complaining thereof, when it is not informed what the answer was.
3. An exemplification of a municipal ordinance is not admissible in evidence unless duly certified under the corporate seal.

4. It is not competent for any purpose to show that a railroad employee who has violated a municipal ordinance was ignorant of its existence.

5. When a widow is entitled to recover for the homicide of her husband, the measure of her damages is the full value of his life, although she and he were living in a state of separation at the time of his death.

6. A ground of a motion for a new trial alleging error in an instruction to the jury must set forth, either literally or in substance, the language complained of, or such ground can not be considered.

7. The violation by a railroad company of a valid municipal ordinance is negligence per se, and the court may so inform the jury.

8. A bare complaint that "the court erred" in giving a particular instruction brings nothing into question except the soundness, in the abstract, of the proposition or propositions therein announced. If the instruction is abstractly correct, the question of its inapplicability to the case in hand must be distinctly made by clearly pointing out how or why it was inappropriate.

9. Where, in its charge to the jury, the court omits to announce to them a rule of law having a direct bearing upon a contested issue in the case, the refusal of a proper request so to do is manifestly erroneous.

Argued May 10, — Decided June 5, 1900.

Action for damages. Before Judge Littlejohn. Macon superior court. November term, 1899.

*W. D. Kiddoo*, for plaintiff in error. *Hardeman, Davis & Turner, T. C. Taylor*, and *Greer & Felton*, contra.

LUMPKIN, P. J. Mrs. Frances R. Bond obtained a verdict against the railroad company for the homicide of her husband, and the defendant complains here of a judgment overruling its motion for a new trial.

1. Two witnesses for the plaintiff were allowed, over objection, to testify concerning their opinion as to what distance a railroad-train, running at a specified rate of speed, would "knock" a man if it struck him while he was upon the track. The objection was that these witnesses were not shown to be experts or of sufficient knowledge to be able to say "what a train could do," and did not undertake to give the facts upon which their opinions were based. We think this testimony should have been excluded. It related to a matter purely of opinion, and the rule is well settled that, in such a case, a witness who is not an expert can not testify to his opinion without stating the facts upon which the same is founded. When he expresses his opinion in connection with the facts which he regards as justifying it, the jury are to judge of the value of it, and this

they can not do in the absence of such facts.    This familiar rule
is applicable in the present instance.    No witness could say as
matter of fact that a running train would by the impetus of a
collision with a man on the track carry him so many feet.
What would happen under such circumstances is certainly, so
far as relates to the question of distance, purely a matter of
opinion.

2. Complaint is also made that the court, over objection, per-
mitted another witness to answer a specified question.    The
ground of the motion for a new trial relating to this matter does
not, however, set forth what the answer was, and we are there-
fore unable to determine whether admitting it was or was not
prejudicial to the defendant.    *W. U. Tel. Co.* v. *Michelson*, 94
*Ga.* 436; *Huie* v. *McDaniel*, 105 *Ga.* 319; *Reinhart* v. *Black-
shear*, Ibid. 799; *Pearson* v. *Brown*, Ibid. 802.

3. The plaintiff's husband was killed in the town of Monte-
zuma by a locomotive of the defendant company.    For the pur-
pose of showing that the train drawn by this locomotive was
running at an unlawful rate of speed, the plaintiff offered in
evidence what purported to be a certified copy of an ordinance
of that town which made it unlawful to "run engines and
trains in any part of the town more than five miles an hour."
This document was objected to on the ground that "there was
no seal of the town attached" to the certificate which purported
to be signed by the clerk of council.    The objection was over-
ruled.    It ought to have been sustained.    The paper offered
in evidence was not admissible under section 5211 of the Civil
Code, for that section applies exclusively and in terms to the
public officers of this State and the several counties thereof,
and therefore can have no reference to certificates signed by
municipal officers.    Indeed, exemplifications of the records of
municipal corporations were not admissible at all until made
so by the act of September 19, 1891 (Acts of 1890 – 91, vol. 1,
p. 109), and it merely provides that they shall be admitted in
evidence when certified under seal.    The provisions of this act
are now embraced in section 5216 of the Civil Code.

4. The above-mentioned document having been admitted
in evidence, the defendant sought, in making out its de-
fense, to prove by its engineer in charge of the locomotive

at the time of the homicide that he had never heard of any o
dinance of the town of Montezuma regulating the speed
trains within the corporate limits. We think this eviden-
was properly excluded. It was insisted in the argument here
that testimony upon this line, though not admissible for the
purpose of excusing the engineer for a violation of the town
ordinance, was competent for the purpose of showing that he
was not *grossly* negligent in running the train at a prohibited
rate of speed. We can not concur in this view. When a town
or city passes an ordinance of this kind, all railroad companies
concerned and their agents and servants are chargeable with
constructive notice of it, and it can not become material, in any
judicial investigation of the question whether or not the ordi-
nance was duly observed upon a particular occasion, to inquire
whether the company or its employees had actual notice of the
existence of the same or not.

5. It is insisted that the court erred in charging the jury that
the mere fact that the plaintiff and her husband may have been
living in a state of separation at the time of the homicide would
neither prevent a recovery nor have a bearing upon the meas-
ure of damages, in case the company was liable. There was
no error in this instruction. Section 3828 of the Civil Code
gives to a widow a right of action for the wrongful homicide of
her husband, and section 3829 prescribes the measure of dam-
ages to be "the full value of the life of the deceased." This
court, in *Boswell* v. *Barnhart*, 96 *Ga.* 522, held that under the
act of October 27, 1887, from which the language just quoted
was taken, "the plaintiff was entitled to recover the gross value
of her husband's life, without regard to whether she had pre-
viously received anything from him or not."

6. One ground of the motion for a new trial is as follows:
"Because the court erred in instructing the jury upon the law
as to public road crossings and public street crossings, because it
is claimed by defendant that the evidence clearly shows that in-
jury did not occur at either of such crossings or within a hundred
yards thereof." As this ground entirely fails to set forth, either
literally or in substance, the language in which the instruction
complained of was couched, this court can not, of course, under-
take to say that injury rather than benefit resulted to the defend-

int company from the giving of the charge which it contends was nauthorized by the evidence. In this connection see *Eagle & 'henix Manufacturing Co.* v.* West*, 61 *Ga.* 120; *Central Railroad* v.* Freeman*, 75 *Ga.* 332, 339; *Atlanta Consolidated St. Ry. Co.* v. *Beauchamp*, 93 *Ga.* 6–7; *Kehoe* v. *Hanley*, 95 *Ga.* 321; *Southern Ry. Co.* v. *Dantzler*, 99 *Ga.* 323; *Goldin* v. *State*, 104 *Ga.* 549.

7. The court charged the jury, in substance, that the failure of a railroad company to obey a valid municipal ordinance regulating the speed of trains within the corporate limits of a town or city was negligence per se. There was no error in this instruction. *Atlanta & West Point Railroad* v. *Wyly*, 65 *Ga.* 120; *Central Railroad* v. *Thompson*, 76 *Ga.* 771; *Tift* v. *Jones*, 77 *Ga.* 182; *Central Railroad* v. *Smith*, 78 *Ga.* 694, 697; *W. & A. R. R. Co.* v. *Young*, 81 *Ga.* 397, 412; *City of Columbus* v. *Ogletree*, 96 *Ga.* 178-9. Counsel for the plaintiff in error relied on the decision of this court in *W. & A. R. R.* v. *King*, 70 *Ga.* 261, in which a contrary doctrine was announced. We have only to say that as the decision pronounced in the case in the 65 *Ga.*, above cited, is older in date and has never been formally reviewed and overruled, it is to be regarded as controlling upon this question. As will have been seen, that case has several times been cited approvingly, whilst that in the 70 *Ga.* has never, so far as we have been able to ascertain, been followed or even referred to in subsequent adjudications upon the subject.

8. In still another ground of the motion, the defendant complains in general terms that "the court erred" in giving a certain charge therein set forth; but no special reason is assigned why this instruction worked injury to the company, nor is any attempt made in the motion to point out any alleged inaccuracy in the charge or to criticise the same as being inapt and inappropriate. Viewed in the abstract, it appears to be wholly unobjectionable, for the correctness of the familiar propositions of law therein announced can not be seriously questioned. That this is true counsel for the plaintiff in error concedes, but in his brief insists that the evidence did not warrant such an instruction. We can not, of course, deal with the point thus sought to be raised. It should have been expressly made in the motion for a new trial, if reliance upon it was contemplated, in order that it might be urged before and passed upon by the

court below. *Anderson* v. *Southern Ry. Co.*, 107 *Ga.* 500 ; *Mayor of Americus* v. *Eldridge*, 108 *Ga.* 778 ; *Clay* v. *Smith*, Id. 189 ; *Dawkins* v. *Willbanks*, Id. 804 ; *Newman* v. *Day*, Id. 813 ; *Central of Ga. Ry. Co.* v. *Felton*, 110 *Ga.*; *Cook* v. *Kilgo*, 111 *Ga.* post.

9. The court was requested in writing to give in charge to the jury an instruction in substantially the same language as that used by this court in the fourth headnote to the case of *Air-Line Ry. Co.* v. *Gravitt*, 93 *Ga.* 370. In view of the evidence relied on by the defendant, this.instruction was applicable in the present case ; and as it was not covered by the general charge to the jury, the refusal to give it was erroneous.

*Judgment reversed. All concurring, except Fish, J., absent.*