1963. ATLANTIC COAST LINE RAILROAD CO. *et al.* v. ADAMS.

HILL, C. J. 1. Where a person was injured by the running of a railroad train while on the track at a point between two public street crossings in a city, it was not erroneous to instruct the jury that although the omission on the part of the engineer to comply with the statutory requirements as to giving signals and checking the speed of the train would not amount to negligence per se, yet the jury might consider such omission, in connection with all the evidence, for the purpose of determining if the railroad company was negligent. *Air Line Ry. Co.* v. *Gravitt*, 93 *Ga.* 370 (20 S. E. 550) ; *Macon & Birmingham Ry. Co.* v. *Parker*, 127 *Ga.* 471 (56 S. E. 616) ; *Southern Ry. Co.* v. *Pope*, 129 *Ga.* 842 (60 S. E. 157). The law contained in sections 2222 and 2224 of the Civil Code of 1895 applies to street crossings in cities; and this is true although there may be a valid municipal ordinance on the same subject. The ordinance would be supplementary to the statute, providing an additional safeguard to person and property. Both statute and ordinance, when applicable and not in conflict, should be enforced; and where in conflict, the statute would control. *Central Railroad* v. *Russell*, 75 *Ga.* 810; *A. & W. P. R. Co.* v. *Newton*, 85 *Ga.* 525 (11 S. E. 776) ; *Central R. Co.* v. *Smith*, 78 *Ga.* 694 (3 S. E. 397).

2. The instruction to the jury embracing the well-settled principle of law that, if the place where the plaintiff was injured was a place much frequented, with the knowledge of defendants, by people walking to and fro, or being on the track at that point, it was the duty of the engineer on that engine to keep a vigilant outlook; and if he failed to do so, the defendant might be liable, was in substance correct, and was not erroneous for any of the reasons assigned. *Shaw* v. *Georgia Railroad*, 127 *Ga.* 8 (55 S. E. 960) ; *Georgia R. Co.* v. *Cromer*, 106 *Ga.* 296 (31 S. E. 759) ; *Bullard* v. *Southern Ry. Co.*, 116 *Ga.* 644 (43 S. E. 39).

3. Where, in an action to recover damages from a railroad company for an injury caused by the running of a train in the limits of a city, it is

shown that the train, at the time of the injury, was running at a greater rate of speed than that prescribed by a valid municipal ordinance, the company would be liable, unless it proved that the injury was caused by the negligence of the injured person, or that he could, in the exercise of ordinary care, have avoided the consequences of the company's negligence. *Central R. Co.* v. *Smith,* supra; *Central R. Co.* v. *Tribble,* 112 *Ga.* 865 (38 S. E. 356).

4. "The duty of construing a pertinent city ordinance which has been introduced in evidence, and of explaining its meaning to the jury, devolves upon the judge." *City of Columbus* v. *Ogletree,* 102 *Ga.* 293 (29 S. E. 749). And whether an ordinance regulating the speed of trains in a city is reasonable or unreasonable is usually a question for the court. *Central R. Co.* v. *B. & W. R. Co.,* 87 *Ga.* 392 (13 S. E. 520). The ordinance of the City of Thomasville requiring all railroad trains coming into and going out of the city "to slow down to a speed, after entering the corporate limits of the city, not to exceed ten miles an hour," reasonably construed, means that no train shall exceed that rate of speed *when* and *after* it enters the limits of the city; the purpose of the ordinance being to protect person and property within and throughout the entire limits of the city from the danger of fast-running trains. The court in effect so construed the ordinance.         *Judgment affirmed.*

Action for damages; from city court of Thomasville—Judge Hammond. May 22, 1909.

Argued July 19,—Decided December 10, 1909.

Adams brought suit against the Atlantic Coast Line Railroad Company and W. W. Phillips, to recover damages for the loss of his foot, alleging that his foot was cut off by a train of the railroad company, operated by Phillips as its engineer, about twelve o'clock at night on July 6, 1908, at a point between two streets in the City of Thomasville, Georgia, where he had been placed, on or near the track, by two men who had sand-bagged and robbed him and left him unconscious. He charged, that the engineer operating the train was negligent in violating the city ordinance regulating the speed of trains in the city; that the engineer was running the train in violation of the public-crossing law of the State, and was running it at a reckless rate of speed in a place which, within the knowledge of the defendants, was much frequented by pedestrians; and that the engineer could, by the exercise of ordinary care, have seen him lying on the track, in time to have stopped the train before running over his foot. A demurrer to the petition was overruled; and this ruling is assigned as error. The trial resulted in a verdict against the defendants; and the overruling of their motion for a new trial is assigned as error. The motion contained the gen-

eral statutory grounds, and the following exceptions to the charge of the court: (1) The court erred in charging the jury as follows: "The general laws of this State, gentlemen of the jury, require that an engineer in charge of a locomotive, as he approaches a public street or road, shall check and keep checking the speed so as to stop in time should any person or thing be crossing the track at said public street or road. A failure to do this is negligence per se, for which the company might be held liable, if the injury had occurred on the crossing. Now, when the injury does not occur on the crossing, but occurs so near the crossing that a failure to observe this law may be part of the res gestæ of the transaction, then and in that case, while it would not be negligence per se with reference to the person injured off the crossing, yet the jury, in considering the whole case, can take that fact into consideration,— that is, the fact that the engineer failed to have his engine under proper control as he approached the crossing. Now, I do not charge you that in this case the engineer did not have his engine under proper control as required by law, as he approached the public crossing in the city of Thomasville. You will ascertain as to that from the evidence, but I do charge you that you may, in certain instances, take into consideration the fact that the engineer did or did not have his engine under such control as to stop it in time should any person or thing be crossing the tracks at the public street or road." It is alleged that this instruction was erroneous because the evidence showed that the injury occurred in the limits of an incorporated city, and that there existed a valid municipal ordinance governing the speed of trains, and therefore the general blow-post and crossing law of the State was not applicable. (2) The court erred in charging as follows: "I charge you that if you believe from the evidence that the place where the plaintiff was injured was a place much frequented, with the knowledge of defendants, by people walking to and fro, or being at that point on the track of this defendant railroad company, then, even though the place where the plaintiff was hurt was not on a public crossing, it was the duty of the engineer on that engine, in addition to complying with the city ordinance by slowing down to ten miles an hour, to have kept a vigilant outlook; and if he failed to do so, the defendant may be liable." It is alleged that this instruction was not applicable to the facts of the case, it not having been shown that

the place where the plaintiff was hurt was much frequented; also that the charge was too broad in its terms, in that the court failed to limit the application of the principle to the time when, as well as the place where, the plaintiff was injured, and failed to limit it to cases where the employees in charge of the train knew or ought to have known of the use of the track at this time and place by foot-passengers as charged. (3) The court erred in the following charge: "If the injury was caused by the engine running more than ten miles an hour, in the limits of the city of Thomasville, then, in order to prevent a recovery, defendant would have to show that the injury was occasioned by the fault of the plaintiff (Adams), or that he (Adams) could by the exercise of ordinary care have prevented the injury." It is alleged that this instruction was erroneous because it construed the ordinance of Thomasville, which requires all railroad trains, after entering the corporate limits, to slow down to a speed, not to exceed ten **miles an hour,** as prohibiting trains from running more than ten miles an hour inside the limits of the city. The engineer testified that he commenced slowing down to a speed not exceeding ten miles an hour **just** after his train passed the point where the plaintiff was lying. It is also alledged that this charge was erroneous because the court should have left the reasonableness of the ordinance at the locality to the jury. The city ordinance referred to is as follows: "Be it ordained by the mayor and aldermen of the city of Thomasville, that from and after the passage of this ordinance, that all railroad trains coming into or going out of the city be required to slow down to a speed, after entering the corporate limits of the city, not to exceed ten miles an hour. Engineers, conductors, or others in control of said train, violating this ordinance, shall, upon conviction before the mayor, be punished as prescribed in §1 of the general penal ordinance."

In the brief and argument of counsel for the plaintiff in error, no reference is made to the general grounds of the motion for new trial.

*W. C. Snodgrass, Bennet & Branch,* for plaintiffs in error.

*Hugh J. MacIntyre, Shipp & Kline,* contra.