### 4705.  COLUMBUS RAILROAD COMPANY *v.* WALLER.

1. The question whether a municipal ordinance is reasonable and valid is one of law, for the court. In the present case it was error, requiring the grant of a new trial, to charge the jury that they should examine the facts and circumstances in the evidence and determine whether or not the municipal ordinance prescribing the maximum rate of speed at which automobiles could be propelled along a specified part of the highway was reasonable and valid. The ordinance was reasonable, and the only question for the jury was as to its applicability to the facts of the case on trial.
2. Except as above indicated, there is no error in the record.
                    DECIDED MAY 6, 1913.

Action for damages; from city court of Columbus—Judge Tigner. February 1, 1913.

*F. U. Garrard, A. W. Cozart, A. S. Bradley,* for plaintiff in error. *Wynn & Wohlwender,* contra.

POTTLE, J. The plaintiff recovered a verdict for an injury to his automobile, resulting from a collision with a street-car of the defendant, and the defendant excepts to the overruling of its motion for a new trial.

1. An ordinance of the City of Columbus was introduced in evidence, prohibiting the running of an automobile on any bridge in the city at a greater rate of speed than three miles per hour. Complaint is made that the court refused a written request to charge the jury that, if the plaintiff ran his automobile on an approach to a bridge at a rate of speed of over three miles per hour, he would be guilty of an act of negligence, as a matter of law; and that the court instructed the jury that, if they should find that the plain-

tiff ran his automobile upon a bridge (which would include its immediate abutments and approaches) at a greater rate of speed than three miles per hour, and if they should find, from the facts and circumstances and the location, that the ordinance was reasonable and valid, and the plaintiff's injury was caused by running his machine at such a rate of speed, and not by reason of the negligence of the company, he would not be entitled to recover. The criticism upon this charge is, we think, well founded. The evidence was conflicting as to whether the damage to the plaintiff's machine occurred on an approach to a bridge, and also as to the rate of speed at which the plaintiff was propelling his machine. According to his testimony, the injury occurred about forty feet from the end of the bridge, and he was driving along very slowly. According to some of the testimony for the defendant, the automobile was being propelled at the rate of about ten or twelve miles per hour, and the street-car was running at the rate of about five or six miles per hour. The automobile was struck just as the street-car turned off the bridge. It will thus be seen that the evidence was in sharp conflict, both in reference to the rate of speed at which the plaintiff was driving his machine and as to the exact point at which the collision took place. It was the duty of the court, and not of the jury, to pass upon the reasonableness of the city ordinance. *Central R. Co.* v. *Brunswick & Western R. Co.,* 87 *Ga.* 392 (13 S. E. 520) ; *Atlantic Coast Line R. Co.* v. *Adams,* 7 *Ga. App.* 146 (66 S. E. 494). The ordinance involved in the present case can not be said to be unreasonable as a matter of law. It is entirely reasonable and proper for the rate of speed to be limited at which a vehicle is propelled over a dangerous place along the highway, such as a bridge and its approaches. The maximum rate of speed at which it should be allowed to run is a question for determination by the municipal authorities. Unless it should appear that the rate of speed prescribed is such as to render it impossible for the machine to be propelled, the limitation would not be held to be so unreasonable as to make the ordinance void.

Under the evidence in this case, the jury should have been instructed that the ordinance was a valid and reasonable one, and that, if the collision occurred on the bridge or an approach thereto, the plaintiff would be guilty of negligence as a matter of law, if he was propelling his machine at a greater rate of speed than

three miles per hour. Such an act of negligence, however, would not defeat the right of recovery entirely, if the jury believed that the proximate cause of the damage was the defendant's negligence, or that the defendant was guilty of a greater quantum of negligence than the plaintiff. In view of the conflicting character of the evidence, the erroneous instruction on the subject of the municipal ordinance was so prejudicial as to require a new trial. The verdict for the plaintiff could, under this instruction, and may in fact have been based upon the theory that the municipal ordinance was unreasonable, and that, even if the plaintiff violated it, he was not guilty of an act of negligence.

2. There are several other assignments of error in the motion for a new trial, but none of them are of sufficient importance to require reversal of the judgment refusing a new trial. It would not have been improper for the trial judge to give the charge requested by the defendant, that, where a party offers himself as a witness, his testimony is to be construed most strongly against him, and also to charge, upon request, that, where a witness knowingly testifies falsely to a material matter, his entire testimony ought to be disregarded, unless corroborated. Upon another trial, if requested, such instructions would not be improper. The other requests, so far as legal and pertinent, were covered by the general charge. Other than as above indicated we find no error.

*Judgment reversed.*