## 5331.  WESTERN & ATLANTIC RAILROAD COMPANY
### v. WATKINS.

1. In a suit for damages on account of the negligent homicide of a person by the operation of a railway train, an allegation that the defendant's servants in charge of the train "negligently failed to keep a proper lookout ahead" is not demurrable as being the statement of a mere conclusion, where there are in the petition averments sufficient to show a duty on the part of the defendant to look out for persons on the track at the place where the homicide occurred.

2. The evidence authorized the verdict. The jury were authorized to find it was the defendant's duty to anticipate the presence of pedestrians on the track at the time when and the place where the homicide occurred. The evidence sufficiently indicated the earning capacity of the deceased, and that the plaintiff was dependent upon him for support. The verdict was not legally excessive. The evidence authorized the finding that the train which ran over and killed the deceased was being operated in a negligent manner and at a rate of speed in excess of that allowed by an ordinance of the city, within the corporate limits of which the homicide occurred.

3. Testimony that the injured person made a statement, immediately after the train passed, to the effect that he was run over by the defendant's train, was admissible as a part of the res gestæ. Moreover, there was no issue as to the fact that he was killed by the defendant's train.

4. An instruction to a jury, correct in itself, will not be treated as erroneous, upon an assignment of error on the ground that additional instructions on the same subject should have been given.

5. Where, with the knowledge and consent of a railway company, persons are permitted to use a pathway across its tracks, the company is bound to anticipate the presence of persons along the pathway. The instructions of the trial court upon this subject were not erroneous for any of the reasons assigned.

6. A municipal ordinance limiting the speed of trains in a city to six miles per hour was not unreasonable as applied to the locality where

the homicide occurred. It was, therefore, not erroneous for the trial judge to instruct the jury that a violation of this ordinance would be negligence as a matter of law.

7. There being no plea setting up contributory negligence on the part of the deceased, it is no ground for a new trial that the court failed to instruct the jury that contributory negligence would go in mitigation of damages, there being no request for such an instruction.

8. A charge that all questions of negligence, except with reference to the violation of the city ordinance, were exclusively for determination by the jury was not erroneous; and error can not properly be assigned upon such an instruction on the ground that some of the alleged negligence was not the proximate cause of the injury and should not have been submitted to the jury.

DECIDED FEBRUARY 4, 1914. REHEARING DENIED FEBRUARY 25, 1914.

Action for damages; from city court of Atlanta—Judge Reid. September 27, 1913.

*Tye, Peeples & Jordan,* for plaintiff in error.

*Colquitt & Conyers,* contra.

POTTLE, J. Mrs. Watkins sued the Western & Atlantic Railroad Company for damages for the homicide of her son, 19 years of age. The company demurred to the petition; the demurrer was overruled, and the plaintiff recovered a verdict for $7,500. The defendant's motion for a new trial was overruled, and it excepted.

1. Only one ground of the demurrer is argued in the brief of counsel for the plaintiff in error. This ground challenges the sufficiency of the allegation that the defendant was negligent by reason of the fact that "the engineer, fireman, conductor, and three switchmen, all negligently failed to keep a proper lookout ahead." It is contended that this allegation is argumentative, and states a mere conclusion, without setting forth facts showing how and wherein the proper lookout was not observed. We do not think the allegation was subject to the demurrer. The averment that the servants of the company failed to keep a proper lookout ahead was an allegation of fact tending to show negligence on the part of the defendant in failing to keep a lookout at a place where it was claimed the defendant was bound to anticipate the presence of persons on the track.

2. The evidence for the plaintiff tended to show that her son was killed by a freight-train of the defendant company, consisting of a large number of cars. The train had been made up at Hill's Park and was moving in the direction of Atlanta. The engine was between two of the cars, there being 23 cars ahead of the engine,

and three cars behind it. The distance from Hill's Park to Atlanta is about five miles. The train was a complete train, equipped with air-brakes. There was no headlight in front of the train, and the light from the engine was not thrown upon the track, on account of the number of cars which were ahead of the engine. It appears that at the place where the homicide occurred there were four main-line parallel tracks in close proximity to each other. Two of the tracks were the property of the defendant, and two were owned by the Southern Railway Company. All of these main-line tracks were continually used, by day and by night, both as main-line tracks and for switching purposes. According to some of the evidence, there were as many as 250 trains a day passing over the tracks. The homicide occurred within the corporate limits of the City of Atlanta, and there was a city ordinance limiting the speed of trains in the city to a rate not exceeding six miles an hour. The defendant's train was moving at a speed of twelve miles an hour when the plaintiff's son was killed. The homicide occurred about eleven o'clock at night and at a place where a path crosses the tracks. According to testimony, which the jury was authorized to accept, this path had been, for a number of years, constantly used, both by day and by night, by a large number of people, as a passageway across the defendant's tracks. It appears that some of the servants of the defendant were on top of the leading car of the train and had lanterns to use for the purpose of signaling the engineer. None of the employees of the defendant saw the boy before he was killed. The deceased had no regular employment, but when he could get work he earned from $1.50 to $2 per day. A portion of his earnings was contributed to his mother's support, and according to her testimony she was dependent largely upon her son. Immediately after the plaintiff's son was run over, a witness, hearing outcries, ran to where the boy was and asked him how he came to be injured, and the boy replied that there was a Southern train going out, and he stepped across the Southern Railway Company's track on to the defendant's track and was struck by the defendant's train.

The verdict was supported by the evidence. The homicide did not occur in a switch-yard, and the rule that there can be no implied license to use the tracks of a railway company in its switch-yard has no application. It is true, as suggested by counsel for the

plaintiff in error, that this rule is founded on the danger incident to the use of tracks at a place where switching is constantly going on, and that it is equally dangerous to undertake to cross a railway track in the nighttime at a place where trains are constantly moving. The question, however, is settled by the Supreme Court in *Wright* v. *Southern Railway Co.*, 139 *Ga.* 448 (77 S. E. 384), which was followed by this court in *Binion* v. *Central of Georgia Railway Co.*, 1 *Ga. App.* 663 (78 S. E. 132). As was said in the *Binion* case, "The evident purpose of the Supreme Court in the case cited above was to limit the switch-yard doctrine to switch-yards proper, and to tracks which are constantly being used as switch-tracks." There was evidence in the plaintiff's behalf that the pathway, along which the plaintiff's son was attempting to cross the track, had been constantly in use both by day and by night, as some of the witnesses expressed it, "by streams of people." If this was so, the defendant was bound to anticipate that pedestrians might use the pathway at any time, and consequently it was under a duty to look out and take precaution for the safety of such pedestrians. The testimony indicated that the plaintiff's son had sufficient earning capacity (taking into consideration his expectancy) to authorize a recovery of a greater sum than the jury found. The fact that the deceased had no steady employment at the time of his death was immaterial. The question was not so much what he was earning at the time of his homicide as what his earning capacity was. *Southern Bell Tel. Co.* v. *Shamos*, 12 *Ga. App.* 463-472 (77 S. E. 312). The evidence was also sufficient to show that the deceased contributed substantially to his mother's support and that she was dependent on him. See *Fuller* v. *Inman*, 10 *Ga. App.* 680 (74 S. E. 287). There was no question that the city ordinance was applicable to the locality where the plaintiff's son was killed, and it can not be said that the ordinance was unreasonable as applied to this locality, whether the question be treated as one of law for the court, or one of fact for the jury. See *Columbus Railroad Co.* v. *Waller*, 12 *Ga. App.* 674 (78 S. E. 52), and *Jackson* v. *Seaboard Air-Line Railway*, 140 *Ga.* 277 (78 S. E. 1059).

3. Complaint is made of the admission of testimony as to a statement of the deceased immediately after the injury, to the effect that it was a train of the defendant which ran over him.

This testimony was a part of the res gestæ, and was admissible as such. See *Southern Ry. Co.* v. *Brown,* 126 *Ga.* 1 (54 S. E. 911). Besides, there was no issue in the case in reference to the fact that the deceased was killed by the defendant's train.

4. Error is assigned upon the charge of the court on the subject of the credibility of witnesses. It is contended, not that the charge as given was erroneous, but that the court omitted two or three elements in relation to the credibility of witnesses which the jury might take into consideration. It is well settled that where a charge is correct in itself, error can not be assigned on it on the ground that the court should have given additional instructions on the same subject. If further instructions were desired, counsel should have requested the court to give them. *Southern Ry. Co.* v. *Hill,* 139 *Ga.* 550 (77 S. E. 803) ; *Southern Ry. Co.* v. *Williams,* 139 *Ga.* 357 (77 S. E. 153) ; *Grimsley* v. *Singletary,* 133 *Ga.* 57 (65 S. E. 92, 134 Am. St. R. 196).

5. Error is assigned upon the following charge: "Where persons generally, even though trespassers, habitually use the property of a railroad company, with the knowledge and without the disapproval of the employees having such property in charge, or to such an extent as to put the railroad company and its servants and agents upon notice of such use, and there is no disapproval or means adopted to prevent its use, the railroad company, in that event, if that exists, if that be true, is bound to anticipate that such use of the property will continue ;" and it is complained also that there was error in other instructions on the same subject, wherein the court elaborated the rule in reference to the duty of a railway company to anticipate the presence of persons on the track at a place where they have an implied invitation to be. These instructions were in accordance with the law as we understand it to have been announced by the Supreme Court in *Wright* v. *Southern Ry. Co.,* supra. See also: *Shaw* v. *Georgia Railroad,* 127 *Ga.* 8 (55 S. E. 960) ; *Macon & Birmingham Ry. Co.* v. *Parker,* 127 *Ga.* 471 (56 S. E. 616) ; *Southern Ry. Co.* v. *Chatman,* 124 *Ga.* 1027 (53 S. E. 692, 6 L. R. A. (N. S.) 283, 4 Ann. Cas. 675) ; *Binion* v. *Central of Georgia Ry. Co.,* supra.

6. Error is assigned upon instructions to the effect that if the train was being run at a rate of speed exceeding six miles per hour, this would be a violation of the city ordinance, and therefore neg-

ligence as a matter of law. It is only in a case where acts or conduct on the part of a person constitute negligence as a matter of law that the court is authorized to instruct the jury that such acts or conduct would amount to negligence. In *Columbus Railway Co.* v. *Waller,* supra, this court held: "The question whether a municipal ordinance is reasonable and valid is one of law, for the court. In the present case it was error, requiring the grant of a new trial, to charge the jury that they should examine the facts and circumstances in the evidence and determine whether or not the municipal ordinance prescribing the maximum rate of speed at which automobiles could be propelled along a specified part of the highway was reasonable and valid. The ordinance was reasonable, and the only question for the jury was as to its applicability to the facts of the case on trial." In that case the decisions in *Central Railroad Co.* v. *Brunswick & Western Railroad Co.,* 87 *Ga.* 386, 392 (13 S. E. 520), and *Atlantic Coast Line Railroad Co.* v. *Adams,* 7 *Ga. App.* 146 (66 S. E. 494), were cited in support of the proposition announced. See also: *Central Railway Co.* v. *Bond,* 111 *Ga.* 13 (7), 17 (36 S. E. 299); *Wright* v. *Southern Railway Co.,* 139 *Ga.* 448 (77 S. E. 384). If the court had been in doubt as to the reasonableness of the ordinance, when applied to the facts in evidence and to the locality where the injury occurred, it might have submitted the question to the jury, as was done in *Jackson* v. *Seaboard Air-Line Railway,* supra, but having reached the correct conclusion as to the reasonableness of the ordinance when applied to the locality in question, the judgment overruling the motion for a new trial will not be reversed because the court failed to submit to the jury the question as to the reasonableness of the ordinance.

7. There being no plea setting up contributory negligence on the part of the deceased, it is not ground for a new trial that, in charging the jury upon the measure of damages, the court failed to instruct the jury that contributory negligence would go in mitigation of damages, there being no request for such instructions. *L. & N. Railroad Co.* v. *Smith,* 136 *Ga.* 455 (77 S. E. 774); *Southern Railway Co.* v. *Hooper,* 110 *Ga.* 779 (36 S. E. 232); *Cavanaugh* v. *Biggin,* 9 *Ga. App.* 468 (71 S. E. 779).

8. There was no error in instructing the jury, in substance, that all the specifications of negligence to which the attention of the jury had been called, except negligence in violating the city

ordinance, were matters exclusively for determination by the jury. If the court gave an erroneous instruction on any particular allegation of negligence, or submitted to the jury an averment of negligence which was not the proximate cause of the injury, exception to that instruction should have been taken. *Judgment affirmed.*