### 17232. BUGG, receiver, *v.* LEDFORD.

BELL, J. 1. "The reasonableness or unreasonableness of a city ordinance regulating the speed of engines or cars on the streets, is a question of law for the courts, and is not a question for the jury, unless it depends upon the existence of particular facts which are disputed. Such an ordinance may be reasonable as applied to one locality, and unreasonable as applied to another." *Metropolitan St. R. Co.* v. *Johnson,* 90 *Ga.* 500 (7) (16 S. E. 49); *Jackson* v. *Seaboard Air-Line Ry.,* 140 *Ga.* 277 (5) (78 S. E. 1059). "To justify courts in declaring void an ordinance limiting the speed of trains within a city, its reasonableness, or want of necessity as a police regulation for the protection of life and property, must be clear, manifest, and undoubted." *Central R. Co.* v. *B. & W. R. Co.,* 87 *Ga.* 386 (4) (13 S. E. 520).

2. An ordinance of the City of Atlanta, limiting the speed of trains to six miles per hour within the city, is upon its face a valid and reasonable regulation; and where the evidence showed a violation of the ordinance at a public street crossing, with resulting injury or death to a traveler in the street, the mere fact that a strict observance of the ordinance would greatly retard the work of dispatching trains, and of shifting cars in the railroad yards, would be insufficient to raise any question of fact as to the reasonableness or unreasonableness of the ordinance as applied to the particular locality. *Metropolitan St. R. Co.* v. *Johnson,* supra; *Broyles* v. *Prisock,* 97 *Ga.* 643 (5) (25 S. E. 389); *Columbus R. Co.* v. *Waller,* 12 *Ga. App.* 674 (78 S. E. 52); *W. & A. R. Co.* v. *Watkins,* 14 *Ga. App.* 388 (6) (80 S. E. 916); *N., C. & St. L. Ry.* v. *Peavler,* 134 *Ga.* 618 (3) (68 S. E. 432); *Central of Ga. Ry. Co.* v. *Bond,* 111 *Ga.*

Appeal and Error, 3 C. J. p. 1410, n. 42; 4 C. J. p. 1068, n. 22.
Railroads, 33 Cyc. p. 668, n. 94; p. 669, n. 95, 97; p. 976, n. 56.

13 (3) (36 S. E. 299); Erb v. Morash, 177 U. S. 584 (20 Sup. Ct. 819, 44 Law. ed. 897). "The financial welfare of the company must yield to the public safety." *City of Acworth v. W. & A. R. Co.*, 159 *Ga.* 610 (4), 621 (126 S. E. 454).

3. Applying the above rulings, the court did not err in charging the jury that a violation of ordinance would constitute negligence, nor in failing to submit to the jury the question whether the ordinance was reasonable within itself, or whether it was reasonable when applied to the particular locality. While in each of the cases relied on by plaintiff in error (*Central R. &c. Co.* v. *B. & W. R. Co.*, supra; *Jackson* v. *S. A. L. Ry.*, supra), the Supreme Court sustained the charge of the trial court submitting to the jury the question of whether the ordinance was applicable at the particular locality, in neither of these cases did the violation of the ordinance occur, as here, at a public street crossing.

4. No other questions are made in the special grounds of the motion for new trial. The general grounds of the motion are not referred to in the brief of counsel for plaintiff, and are deemed to have been abandoned. The court did not err in refusing a new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 20, 1926.

Damages; from city court of Atlanta—Judge Reid. January 26, 1926.

*Colquitt, Conyers & Smith,* for plaintiff in error.

*T. J. Lewis, T. L. Slappey,* contra.