Robert McCLAIN, by and through his father, Roy McClain, as Next Friend, Plaintiff-Appellant,

v.

SEABOARD COAST LINE RAILROAD COMPANY, Defendant-Appellee.

No. 72-2913

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 8, 1973.

Rehearing Denied March 1, 1973.

Donald D. Rentz, Albany, Ga., for plaintiff-appellant.

J. W. Walters, Albany, Ga., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

This is a diversity action arising out of an accident that occurred in a switch-yard owned and operated by defendant-appellee, Seaboard Coast Line Railroad Company. After the jury returned a verdict for plaintiff-appellant, Robert McClain, the trial judge granted defendant's motions for judgment notwithstanding the verdict and in the alternative for a new trial. Finding that there was sufficient evidence adduced for a reasonable person to find for plaintiff, we reverse the District Court's granting of judgment n. o. v. and remand for a new trial in accordance with the District Court's discretionary granting of the motion for a new trial.

On July 1, 1971, plaintiff, a twelve-year old boy, was injured in defendant's switch-yard when a train he was attempting to crawl under rolled over him, crushing his legs. Plaintiff brought suit, by and through his next friend, in the United States District Court for the Middle District of Georgia. After hearing all the evidence and after being properly instructed concerning (1) the duty of care that should have been ob-

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

served by defendant, (2) the duty of care that should have been exercised by a child of plaintiff's age, and (3) the Georgia law regarding contributory and comparative negligence, the jury returned a verdict for plaintiff in the amount of twenty-four thousand dollars ($24,-000.00). The District Court then granted defendant's motions for judgment n. o. v. and for a new trial.[1]

We begin our analysis by once again restating the standard for testing the propriety of the granting of a judgment n. o. v. as set out in Boeing Co. v. Shipman, 5 Cir. 1969, 411 F.2d 365, 374–375 (footnotes omitted):

> "On motions for directed verdict and for judgment notwithstanding the verdict the Court should consider all of the evidence—not just that evidence which supports the non-mover's case—but in the light and with all reasonable inferences most favorable to the party opposed to the motion. If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motions is proper. On the other hand, if there is no substantial evidence opposed to the motions, that is, evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, the motions should be denied, and the case submitted to the jury. A mere scintilla of evidence is insufficient to present a question for the jury. The motions for directed verdict and judgment n. o. v. should not be decided by which side has the better of the case, nor should they be granted only when there is a complete absence of probative facts to support a jury verdict. There must be a conflict in substantial evidence to create a jury ques-

tion. However, it is the function of the jury as the traditional finder of the facts, and not the Court, to weigh conflicting evidence and inferences, and determine the credibility of witnesses."

Plaintiff argues that the District Court should not have granted a judgment n. o. v. because the evidence was such that reasonable persons could have found the facts sufficient to prove defendant liable for plaintiff's injuries. Defendant propounds two arguments in support of the District Court's action. First, defendant contends that the undisputed evidence established (1) that the accident occurred in a railroad switch-yard, (2) that no employee of defendant was aware of plaintiff's presence in the yard, and (3) that therefore under Georgia law reasonable persons could reach no conclusion other than that defendant did not act negligently toward plaintiff. Secondly, defendant urges that contributory negligence barred plaintiff from recovery.

Defendant bases these conclusions on its interpretation of the rule of liability that governs switch-yard accidents. It contends that the rule in Georgia is that there can be no recovery for injuries sustained by one within a railroad company's switchyard unless and until it is shown that railroad employees had actual knowledge of the presence of a party within the switch-yard and that the party was injured as a result of willful and wanton conduct on the part of the railroad. In short, defendant contends that plaintiff could only have been owed the duty of care owed to a trespasser. We do not agree, and we find that the jury could have found from the evidence submitted in this case that defendant owed plaintiff a higher duty of care than that owed to a mere trespasser. We believe this case falls within the rule stated in Mixon v. Atlantic Coast Line Railroad Co., 5 Cir.

1. The District Court followed the procedure mandated by Rule 50(c) of the Federal Rules of Civil Procedure in ruling on both the motion for judgment n. o. v. and the

motion for a new trial at the same time. *See* 5A Moore's Federal Practice ¶ 50.13[1].

1966, 370 F.2d 852, 856–857 (citations omitted):

"Under Georgia law, whether plaintiff was a trespasser or licensee, the railroad was bound to use ordinary care and diligence in approaching and traversing places where there was reason for it to anticipate that persons might be on the track; in such situation the general rule, that the railroad owes a trespasser a duty of ordinary care only after discovery of him in a place of peril, does not apply."

*See also*, Campbell v. Southern Railway Co., N.D.Ga.1961, 198 F.Supp. 661, aff'd sub nom. Southern Railway Co. v. Campbell, 5 Cir. 1962, 309 F.2d 569.

Indeed, we think that the District Court properly charged the jury in accordance with this standard, and that there was plenteous evidence before the jury from which it could have concluded that the portion of the switch-yard where the accident occurred was not in fact used as a switch-yard but rather was used as a passageway with the knowledge of defendant and that defendant had breached the duty of ordinary care owed to plaintiff. Thus, it was error to displace the jury verdict.

Defendant's second contention, that plaintiff's contributory negligence in crawling under a railroad train in a switch-yard forecloses any liability on the part of defendant is also without merit. The Code of Georgia 94–703 states:

"No person shall recover damages from a railroad company for injury to himself or his property, where the same is done by his consent or is caused by his own negligence. If the complainant and the agents of the company are both at fault, the former may recover, but the damages shall be diminished by the jury in proportion to the amount of fault attributable to him."

The trial court correctly instructed the jury as to the Georgia rules of contributory and comparative negligence and as to the standard of care required of a child. The evidence presented to the jury was such that the jury could have found that although plaintiff was negligent in crawling under the train, his negligence was not the sole proximate cause of his injuries and did not equal or exceed defendant's negligence. An award of damages to plaintiff would therefore be justified under the Georgia theory of comparative negligence, Campbell v. Southern Railway Co., *supra*, and we agree with plaintiff that the decision should have been left with the jury.

Plaintiff contends that the trial court erred in granting a new trial conditioned upon our reversing the granting of judgment n. o. v. The trial court's decision to grant a new trial ". . . will not be reviewed in an appellate court in the absence of a clear abuse of discretion." United States v. Bucon Construction Co., 5 Cir. 1970, 430 F.2d 420, 423. We are not convinced that the District Court abused its discretion in this instance, and we remand in accordance with the District Court's granting of a new trial.

Reversed and remanded.