**Robert McCLAIN, By and Through his father, Roy McClain, as next friend, Plaintiff-Appellant,**

v.

**SEABOARD COAST LINE RAILROAD COMPANY, Defendant-Appellee.**

**No. 73–3764**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 11, 1974.

---

* Rule 18, 5 Cir.; Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

D. D. Rentz, Albany, Ga., for plaintiff-appellant.

J. W. Walters, Albany, Ga., for defendant-appellee.

Before BELL, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Appellant Robert McClain, a minor, through his father as next friend, complains of error by the District Court in directing a verdict for the appellee, Seaboard Coast Line Railroad Company. This is the second appearance of this case before this court. See 473 F.2d 357.

In the previous opinion rendered by this court, we held:

"The evidence presented to the jury was such that the jury could have found that although plaintiff was negligent in crawling under the train, his negligence was not the sole proximate cause of his injuries and did not equal or exceed defendant's negligence. An award of damages to plaintiff would therefore be justified under the Georgia theory of comparative negligence. Campbell v. Southern Railway Co., *supra*,[1] and we agree with plaintiff that the decision should have been left with the jury."

██ The record indicates that the evidence adduced upon the second trial was essentially identical with that introduced upon the former trial.[2]

 The District Court either misread or disregarded the decision of this court on the prior appeal, and the Judgment of the District Court is reversed and the case is remanded for proceedings not inconsistent with the original opinion of this court.[3]

Reversed and remanded.

---

1. Campbell v. Southern Railway Co., N.D.Ga. 1961, 198 F.Supp. 661, aff'd sub nom. Southern Railway Co. v. Campbell, 5 Cir. 1962, 309 F.2d 569.

2. At page 23 of appellee's brief, counsel for appellee states: "We might argue that the evidence on the new trial was substantially different from the evidence on the first trial. However, we could not do so with any strong conviction of the validity of the argument."

3. The railroad seeks to contest our prior ruling. 473 F.2d 357, supra. We, just as was the district court, are bound by the prior decision. The railroad's remedy was to seek en banc consideration rather than to ask one panel of the court to set aside the ruling of another panel.