**C.M. ROUSSEAU, Jr., et al.,
Plaintiffs-Appellants,**

v.

**TELEDYNE MOVIBLE OFFSHORE,
INC., Defendant-Appellee.**

No. 86–4050.

United States Court of Appeals,
Fifth Circuit.

March 16, 1987.

Wendell G. Lindsay, Jr., Randall G. Wells, Baton Rouge, La., for plaintiffs-appellants.

Greg Guidry, Onebane, Donohoe, Bernard, Torian, Diaz, McNamara & Abell, Lafayette, La., for defendant-appellee.

Before THORNBERRY, DAVIS, and HILL, Circuit Judges.

## ON PETITION FOR REHEARING

(805 F.2d 1245, 5th Cir.1986, Dec. 16, 1986)

### PER CURIAM:

In the plaintiffs' petition for panel rehearing they contend the panel was incorrect in affirming the district court's alternative granting of a new trial on the plaintiffs' retaliation claim. The panel stated:

Although we reverse the district court's judgment n.o.v., our disposition does not result in a reinstatement of the jury's verdict. In granting the judgment n.o.v., the district court also granted a conditional motion for new trial. This decision will not be disturbed "in the absence of a clear abuse of discretion." *McClain v. Seaboard Coast Line R.R. Co.*, 473 F.2d 357, 359 (5th Cir.1973). Because we find no such abuse in this case, we remand the retaliation claim pursuant to the district court's order.

The plaintiffs complain that a remand for new trial is inappropriate because the evidence on their retaliation claim was not against the great weight of the evidence—the standard for granting a new trial. *See A.A. Spurlin v. General Motors Corp.*, 528 F.2d 612, 620 (5th Cir.1976). Plaintiffs insist that the panel tacitly agreed with this argument because it reversed the district court's j.n.o.v., i.e., finding substantial evidence to support the verdict on the retaliation claim. We reject this argument as incorrect.

It is a well-settled rule in this circuit that "a verdict can be against the 'great weight of the evidence', and thus justify a new trial, even if there is substantial evidence to support it." *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir.1982); *United States v. Bucon Construction Co.*, 430 F.2d 420, 423 (5th Cir.1970); 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2806, at 43 (1973). We found legally sufficient evidence to support the verdict, thus foreclosing a j.n.o.v. However, the district court did not abuse its discretion in finding the verdict against the great weight of the evidence—thus mandating a new trial. Our result implies what we clarify today: a new trial can be appropriate even when a judgment n.o.v. is not.

The petition for rehearing is therefore DENIED.