**NODAK OIL CO., a North Dakota Corporation, Plaintiff-Appellant,**

v.

**MOBIL OIL CORPORATION, a Foreign Corporation, Defendant-Appellee.**

No. 75–1309.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 14, 1975.

Decided Nov. 28, 1975.

John Hjellum, Jamestown, N. D., for appellant.

J. Gerald Nilles, Fargo, N. D., for appellee.

Before MATTHES, Senior Circuit Judge, and LAY and STEPHENSON, Circuit Judges.

## ORDER

This matter came before this court for argument and final submission on November 14, 1975. The record reveals that in the district court the defendant, Mobil Oil Corporation, moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial pursuant to Fed.R.Civ.P. 50 following a jury trial which resulted in a verdict in favor of plaintiff, Nodak Oil Company. The district court in its memorandum and order at 391 F.Supp. 276 (D.N.D.1975) granted the motion by Mobil for a judgment notwithstanding the verdict but did not specifically rule on the alternative motion for a new trial.

According to Fed.R.Civ.P. 50(c)(1), if a motion for a judgment n.o.v. is granted,

the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial.

This "inflexible command" to rule conditionally on the new trial motion is a codification of the principles established by the Supreme Court in *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 253, 61 S.Ct. 189, 85 L.Ed. 147 (1940). *See*

*Gordon Mailloux Enterprises v. Firemen's Insurance Co.,* 366 F.2d 740, 741–42 (9th Cir. 1966). *See generally Mays v. Pioneer Lumber Co.,* 502 F.2d 106, 109–10 (4th Cir. 1975); *McClain v. Seaboard Coast Line Railroad,* 473 F.2d 357, 358 & n.1 (5th Cir. 1973); *Bryant v. Rankin,* 332 F.Supp. 319, 324 (S.D.Iowa 1971); *J. Moore, Federal Fractice* ¶ 50.13[1] (1975). This language was added to Rule 50 in 1963 in order "to clarify the proper practice under this Rule." *Neely v. Eby Construction Co.,* 386 U.S. 317, 322, 87 S.Ct. 1072, 1077, 18 L.Ed.2d 75 (1967).

In view of the district court's failure in the instant case to make the required conditional ruling on the alternative motion for a new trial, we retain jurisdiction and remand this case for the purpose of such a ruling pursuant to Fed.R. Civ.P. 50(c)(1).

The district court shall certify to this court its ruling on the alternative motion of defendant, Mobil Oil Corporation, for a new trial. The party adversely affected by the conditional ruling on the motion for new trial shall have fifteen (15) days in which to file its brief with this court in opposition thereto. The prevailing party shall have fifteen (15) days in which to respond. The matter will then be considered fully submitted. *See generally Fireman's Fund Insurance Co. v. AALCO Wrecking Co., Inc.,* 466 F.2d 179, 185–87 (8th Cir. 1972), *cert. denied,* 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973).

Remanded accordingly.