GRUTZNER, Personal Representative of the Estate of Roland W. Klevene, Sr., Deceased, Plaintiff-Respondent, v. KRUSE, and another, Defendants-Appellants.

Court of Appeals

No. 77–604. Submitted on briefs September 18, 1978.—Decided November 22, 1978.

(Also reported in 273 N.W.2d 373.)

For the appellants the cause was submitted on the briefs of *W. Thomas Terwilliger* and *Steven R. Schilke,* and *Terwilliger, Wakeen, Piehler, Conway & Klingberg, S.C.,* of Wausau.

For the respondent the cause was submitted on the brief of *Grutzner, Byron & Holland, S. C.,* of Beloit.

Before Gartzke, P.J., Bablitch and Dykman, JJ.

DYKMAN, J.   An automobile-pedestrian accident occurred near the intersection of North Third Avenue and West Grand Avenue in Wisconsin Rapids.  Both streets are four lanes wide.  Appellant Ronald M. Kruse was driving north on North Third Avenue and stopped at the traffic light at the intersection of West Grand Avenue.  He was in the inside lane of the two northbound lanes and intended to make a left turn into West Grand Avenue.  When the light turned green, he proceeded into the intersection where he allowed an oncoming vehicle to go by, then turned left into the inside lane of the two westbound lanes of West Grand Avenue.  Roland Klevene, Sr., a pedestrian, was crossing West Grand Avenue from north to south.  He was struck by the Kruse vehicle, which had accelerated to about ten miles per hour and the resulting injuries caused his death.  There was conflicting evidence as to whether Klevene was in the crosswalk when he was struck.  Klevene's personal representative, Edward Grutzner, commenced this action.

The jury found both Kruse and Klevene causally negligent, and apportioned forty percent of the negligence to Kruse and sixty percent to Klevene.

On motions after verdict, the trial court granted the personal representative's motion to modify the jury's answers, and apportioned fifty percent of the negligence to Kruse and fifty percent to Klevene.  Grutzner had also moved for a new trial on the basis that the verdict was contrary to the weight of the evidence, and alternatively, in the interest of justice.  The trial court did not rule on the motion for a new trial.  Judgment was entered upon the verdict as modified.  Kruse appeals.

■ The standard of review is "whether there is any credible evidence which under any reasonable view fairly admits of an inference supporting the findings.  The evidence is to be viewed in the light most favorable to

the verdict." *May v. Skelley Oil Co.,* 83 Wis.2d 30, 35, 264 N.W.2d 574 (1978).

Klevene was lying on the pavement fifty-six feet west of the crosswalk after the accident. A policeman who investigated the accident found no marks on the car that would indicate a blow sufficient to propel or carry Klevene fifty-six feet. A witness testified that he observed the Kruse car make a "normal turn," and after the rear of the car was west of the crosswalk, "I seen the brake lights; and then I looked in the air above the car; and there was a body or person above the car, I would say maybe four or five feet above the top of the car in the air." Kruse testified that Klevene was west of the crosswalk when the car collided with Klevene. This evidence was credible and permitted an inference supporting a finding that Klevene was outside the crosswalk and therefore negligent in failing to yield the right of way to Kruse.

Credible evidence reasonably admitting of an inference supporting the jury's finding that Kruse was negligent also exists. Although Kruse testified that he was traveling ten miles per hour, and there was nothing in the record that showed anything but a traffic-free street in front of him, he failed to see Klevene, who had walked from the north curb of West Grand Avenue fourteen feet south into Kruse's path. Looking and not seeing what is in plain sight is as negligent with respect to lookout as not looking at all. *Lake to Lake Dairy Cooperative v. Andrews,* 264 Wis. 170, 173, 58 N.W.2d 685 (1953).

If there is credible evidence which supports a jury's verdict, the action of a trial court in changing a jury's verdict on the ground that it must be changed as a matter

of law will be set aside on appeal. *Smith v. Flash City Transit Co.,* 66 Wis.2d 595, 600, 225 N.W.2d 481 (1975). We cannot say that the jury's finding that a jaywalking pedestrian was more negligent than a motorist turning at ten miles per hour is based on speculation. The judgment as modified by the court is therefore reversed.

Respondent contends that if the jury's verdict is reinstated we should order a new trial either because the verdict is contrary to the weight of the evidence or in the interest of justice. It was error for the trial court not to rule on respondent's motion for a new trial. A trial judge's review of the evidence is relatively contemporaneous with the trial. Unlike a reviewing court, which must rely on a transcript and exhibits, the trial judge is able to view the demeanor of the witnesses and to gain an impression of the evidence as a whole. Section 805.15(4), Stats., requires the trial court to rule on motions for a new trial even if it grants a motion to change the answers in a verdict:

(4) ALTERNATE MOTIONS; CONDITIONAL ORDER. If the court grants a motion for judgment notwithstanding the verdict, or a motion to change answer and render judgment in accordance with the answer so changed, or a renewed motion for directed verdict, the court *shall* also rule on the motion for new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, *and shall specify the grounds for granting or denying the motion for new trial.* (Emphasis supplied.)

Section 805.15(4), Stats., is derived from Rule 50(c) of the Federal Rules of Civil Procedure. This rule has been criticized as unrealistic and burdensome upon trial courts.[1] Its provisions are mandatory, however, and pro-

---

[1] See C. Wright, Handbook of the Law of Federal Courts §96, at 427 (2d ed. 1970), where the author comments:

Though this practice is desirable in avoiding an unnecessary remand, it is extremely unrealistic in asking the trial judge to

mote efficiency on appeal. Wright and Miller[2] comment on an analogous situation as follows:

> If the court grants judgment notwithstanding the verdict and fails to act on the alternative motion for a new trial, litigation will be needlessly protracted should the appellate court find that the grant of judgment was erroneous. In that case it must remand so that the trial court can rule on the new trial motion.

Of the three alternatives considered by this court— (1) remand for decision by trial court and possible appeal by adversely affected party, (2) decision on motion by this court, and (3) retention of jurisdiction with remand for decision by trial court, and review by this court— the latter, which was the procedure adopted in *Nodak Oil Co. v. Mobil Oil Corp.*, 526 F.2d 798 (8th Cir. 1975), seems to be best suited to the present posture of this case. In *Nodak*, the court concluded:

> In view of the district court's failure in the instant case to make the required conditional ruling of the alternative motion for a new trial, we retain jurisdiction and remand this case for the purpose of such a ruling pursuant to Fed. R. Civ. P. 50(c)(1). 526 F.2d at 799.

The judgment is reversed and the cause remanded with directions to reinstate the verdict. Jurisdiction

make a conditional ruling on the assumption that, for reasons which he cannot know, his ruling on the motion for judgment is held to be erroneous. Further, with all the possibilities present when the court may either grant or deny either or both branches of the alternative motion, the practice is necessarily very complicated, and has often been misunderstood by courts and counsel.

A review of the Wisconsin Supreme Court decisions which address changing answers to a jury's verdict leads to the conclusion that a trial court should only infrequently do so. For example, in the six cases cited by respondent, the jury's verdict was ultimately upheld in five, and the trial court's interference with a verdict was reversed in three. The situation described by Wright therefore should be troublesome on only a few occasions.

[2] 9 C. Wright & A. Miller, Federal Practice and Procedure §2539, at 610 (1971).

retained by this court. The circuit (previously county) court of Wood county shall certify to this court within ninety days its ruling on both parts of plaintiff's motion for a new trial in accordance with sec. 805.15(4), Stats.

The party adversely affected by the ruling on the motion for a new trial shall have twenty days from the certification to file a supplemental brief. The prevailing party shall have twenty days in which to respond.

*By the Court.*—Judgment reversed and cause remanded for proceedings consistent with this opinion.