James E. LOWE and Rose
Lowe, Appellants,

v.

Coolidge CONLEE, Sheriff of St. Francis County, Arkansas, Appellee,

and

Dwight Tosh, Sergeant of the Arkansas State Police, Appellee.

No. 83–2492.

United States Court of Appeals,
Eighth Circuit.

Submitted May 15, 1984.

Decided Sept. 11, 1984.

Richard E. Steck, Steck & Schofield, P.C., Chicago, Ill., Charles P. Allen, West Helena, Ark., for appellants.

Fletcher Long, Jr., Fletcher Long, Jr., P.A., Forrest City, Ark., for appellee, Coolidge Conlee.

Steve Clark, Atty. Gen. by James W. Cullum, Asst. Atty. Gen., Little Rock, Ark., for appellee Dwight Tosh.

Before LAY, Chief Judge, and ROSS and FAGG, Circuit Judges.

FAGG, Circuit Judge.

James E. and Rose Lowe brought suit under 42 U.S.C. § 1983 claiming that they were arrested without probable cause in violation of their civil rights. After the jury returned verdicts for the Lowes, the district court entered judgment notwithstanding the verdicts in favor of Sheriff Dwight Tosh and Sergeant Coolidge Conlee on the ground that the Lowes' underlying criminal convictions collaterally estopped them from claiming that their arrests were without probable cause. The Lowes appeal from the district court's entering of judgment in favor of Tosh and Conlee. We reverse the district court's grant of judgment notwithstanding the verdicts. We also retain jurisdiction and remand to the district court for a ruling on Tosh's and Conlee's new trial motions.

On May 24, 1981, James and Rose Lowe were stopped at a roadblock set up by the Arkansas State Police Department. James Lowe, the driver of the vehicle, was arrested by Sergeant Dwight Tosh and charged with driving while intoxicated and carrying a dangerous weapon. Rose Lowe followed the police car to the St. Francis County Jail to obtain her husband's release on bond. Sheriff Conlee directed an officer to arrest Rose Lowe and charge her with disorderly conduct. The Lowes were jailed for approximately five hours and were released after a cash bond was posted. The Lowes failed to appear at their scheduled court appearance, and judgments of conviction on the criminal charges filed against them were entered in their absence.

In December 1981, the Lowes filed this civil rights suit claiming that they were arrested and incarcerated without probable cause. The affirmative defense of collateral estoppel was not pled by Tosh or Conlee. The case was tried before a jury on Octo-

ber 4 and 5, 1983. Tosh and Conlee moved for directed verdicts at the close of the plaintiffs' case and again at the close of all the evidence. In their directed verdict motions, neither Tosh nor Conlee asserted as a ground the affirmative defense of collateral estoppel. The case was submitted to the jury and verdicts were returned in favor of James and Rose Lowe and against Tosh and Conlee.

Tosh and Conlee then filed motions for judgment notwithstanding the verdicts, claiming for the first time that the Lowes' prior criminal convictions collaterally estop the Lowes from bringing a civil suit in which it is alleged that they were arrested without probable cause. The district court granted the motions and entered judgment for Tosh and Conlee.

On appeal, the Lowes contend that the district court's grant of judgment notwithstanding the verdicts was improper because Tosh and Conlee failed to raise collateral estoppel as a ground in their directed verdict motions. We agree. The raising of the claim of collateral estoppel by Tosh and Conlee for the first time in their motions for judgment notwithstanding the verdicts was inappropriate. A motion for judgment notwithstanding the verdict is in essence a renewal of a motion for a directed verdict made at the close of the evidence. *Johnson v. Rogers*, 621 F.2d 300, 305 (8th Cir.1980). Federal Rule of Civil Procedure 50(b) provides that "[w]henever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination *of the legal questions raised by the motion.*" (Emphasis added.) Consequently, a party cannot assert a ground in a motion for judgment notwithstanding the verdict that was not previously asserted in the party's motion for a directed verdict. *Johnson v. Rogers, supra,* 621 F.2d at 305.

The district court in this case failed to rule on Tosh's and Conlee's alternative motions for a new trial. Tosh and Conlee have requested this court to remand to the district court for a ruling on these alterna-tive motions in the event we do not uphold the district court's grant of judgment notwithstanding the verdicts.

Rule 50(c) of the Federal Rules of Civil Procedure requires a district court granting a judgment notwithstanding the verdict motion under Rule 50(b) conditionally to rule on a party's new trial motion. In the event that the district court fails to follow the dictate of Federal Rule of Civil Procedure 50(c) and the appellate court reverses the district court's grant of judgment notwithstanding the verdict, it is appropriate to remand to the district court for a ruling on the new trial motions. *See Nodak Oil Co. v. Mobil Oil Corp.,* 526 F.2d 798, 799 (8th Cir.1975). Accordingly, we retain jurisdiction and remand to the district court for a ruling on Tosh's and Conlee's new trial motions. The district court shall certify to this court its ruling on the new trial motions. A party adversely affected by the ruling will have fifteen days from the certification in which to file a supplemental brief with this court in opposition to the district court's ruling. A prevailing party will have fifteen days in which to respond.

We reverse the district court's grant of judgment notwithstanding the verdicts and remand for proceedings consistent with this opinion.