After a jury verdict in favor of plaintiff Handley, the trial court granted defendant's motion for judgment notwithstanding the verdict. The only issue in this case is whether there was a scintilla of evidence favorable to the plaintiff. Finding such a scintilla of evidence, we reverse and remand.
The plaintiff, Dorothy F. Handley, lives in Birmingham, Alabama. During the evening of October 1, 1981, her home became flooded with raw sewage that backed up through two commodes. The Street and Sanitation Department of the City of Birmingham came to Handley's home and relieved the blockage in the main line of the sewer that caused the sewage to flow into her house. What caused the stoppage is unknown, because when the stoppage was relieved, the pressure washed the material on down the line. A district supervisor of the Street and Sanitation Department testified that the city had knowledge of frequent stoppages in the City's sewer mains and that the City had no policy of periodic inspection and maintenance of the sewer lines. The plaintiff Handley alleged negligence on the part of the City in not properly maintaining the sewer lines. The jury found in favor of plaintiff Handley and awarded her $30,000.00 in compensatory damages. Judgment was rendered for the plaintiff. Two months later, the trial court vacated the previous judgment and granted the defendant's motion for judgment notwithstanding the verdict.
Though there is no absolute liability for sewer system backups in this state, a municipality must still exercise reasonable and ordinary care in the maintenance of its sewer lines. Whitworth v. Utilities Board of the Town ofBlountsville, 382 So.2d 557 (Ala. 1980). The only issue in this case is whether there was a scintilla of evidence favorable to the plaintiff on whether the defendant's failure to properly maintain its sewer lines proximately caused damage to the plaintiff's home. The defendant City did not contest the issues of breach of duty or damages. A motion for judgment notwithstanding the verdict should be denied if there is any conflict in the evidence for the jury to resolve, and the existence of such a conflict is to be determined by the scintilla rule. Crigler v. Salac, 438 So.2d 1375 (Ala. 1983). See Rule 50 (e), A.R.Civ.P. Issues and questions in civil cases must be submitted to the jury if the evidence, or any reasonable inference therefrom, produces the merest gleam, glimmer, or spark in support of the theory of the complaint.Quillen v. Quillen, 388 So.2d 985 (Ala. 1980). Since the City knew of similar stoppages in its sewer lines, it is a reasonable inference from the evidence in this case that its failure to inspect and maintain the lines could have caused this stoppage and the flooding that resulted. We find that there was at least a scintilla of evidence favorable to the plaintiff so as *Page 1187 
to make the question of proximate cause properly within the province of the jury.
The defendant's judgment notwithstanding the verdict is reversed, and the cause is remanded.
REVERSED AND REMANDED.
FAULKNER, ALMON, EMBRY and ADAMS, JJ., concur.