## DEL MADERA PROPERTIES, a Joint Venture; et al., Plaintiffs,

v.

## RHODES AND GARDNER, INC., a California corporation, et al., Defendants.

### No. C–84–6172 WHO.

United States District Court, N.D. California.

Sept. 9, 1985.

Henry C. Bunsow, Townsend & Townsend, San Francisco, Cal., for plaintiffs.

Martin H. Kresse, McKenna, Conner & Cuneo, Melville Owen, Owen, Wickersham & Erikson, Stephen Zalkind, San Francisco, Cal., for defendants.

### OPINION AND ORDER

ORRICK, District Judge.

In this copyright infringement action, plaintiffs, Del Madera Properties ("Del Madera"), a joint venture, and joint venturers Leonard Cahn and John Rupp, claim that defendants infringed their copyright rights in a Tentative Map of a residential subdivision in Tiburon, California by developing the subdivision in accordance with the Map after the plaintiffs were foreclosed upon. Plaintiffs were assigned the copyright by Edgar Ross, an architect who participated in the development of the Map, and who received a copyright in April, 1984. On May 24, 1985, following a six day trial, a jury found that the plaintiffs had obtained a valid copyright in the Tentative Map, but that the defendants had not infringed the copyright. Defendants, fearful of future litigation, now move under Rule 50(b) of the Federal Rules of Civil Procedure for a judgment *non obstante veredicto*. For the reasons hereinafter stated, defendants' motion is DENIED.

### I.

In June 1979, plaintiff Leonard Cahn decided to develop the Del Madera subdivision in Tiburon, California. When he purchased the property, Cahn made several notes on behalf of Del Madera Properties

in exchange for loans from defendants Bank of the Orient and Balfour Financial Corporation. Del Madera then hired consultants, most notably defendant Rhodes and Gardener, Inc., an engineering firm in which defendant Dean Rhodes is a partner, and Backen, Arrigoni and Ross, an architectural firm in which Edgar Ross is a partner, to prepare documents required by municipal and state ordinances. A Master Plan of the subdivision was submitted to Tiburon in April 1980, and was approved in April 1981, after several modifications were made. The Master Plan set forth the placement of lots, roads, and open spaces. Based on this approved plan, a Precise Plan and Tentative Map was prepared, and was approved by Tiburon on August 5, 1981.

Del Madera defaulted on the notes, and was foreclosed upon. Several of the defendants gained title and proceeded with development of the property, hiring the same consultants employed by Del Madera, and developing in accordance with the Tentative Map. Edgar Ross then applied for a copyright on the Tentative Map. Upon receiving the copyright in April 1984, Ross assigned his rights to plaintiffs, who filed this action on September 5, 1984. On May 24, 1985, the jury returned a verdict that found that the plaintiffs had obtained a valid copyright in the Tentative Map, but that the defendants had not infringed the copyright.

## II.

### A.

The standard for deciding a motion for judgment *non obstante veredicto* is whether "the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict reasonable men could have reached." *Walker v. KFC Corp.*, 728 F.2d 1215 (9th Cir.1984). The motion will not be granted where there is substantial evidence to support the jury's verdict. *Gordon Mailloux Enterprises, Inc. v. Firemen's Insurance Co.*, 366 F.2d 740, 741 (9th Cir. 1966).

■ Plaintiffs have established a *prima facie* case of copyright infringement. They have put forward evidence of ownership of the copyright by plaintiffs, and copying by defendants. *See Sid & Marty Krofft Television Productions, Inc. v. McDonald's Corp.*, 562 F.2d 1157 (9th Cir.1977). Plaintiffs introduced into evidence a certificate of copyright registration in the name of Edgar B. Ross, and an assignment of copyright rights from Mr. Ross to Del Madera Properties. Trial Exhibits 74 and 75. Plaintiffs have also introduced evidence that the Tentative Map was copied by the defendants.

### B.

■ The strongest argument made by defendants in their motion is that the Tentative Map was not copyrightable as a matter of law and, thus, that plaintiffs cannot enforce the rights that they were assigned by Edgar Ross. As a general rule, maps and technical drawings are copyrightable as "pictorial" or "graphic" works under 17 U.S.C. § 102(a)(5). However, defendants argue that this rule should not be applied in the case of Tentative Maps for two reasons.

■ First, defendants argue that edicts of governments such as judicial opinions, administrative rulings, and legislative enactments are not copyrightable for reasons of public policy. 17 U.S.C. § 702. Defendants argue that because the Tentative Map was approved by Tiburon's town council on August 5, 1981, it is a government enactment that has been subsumed under the general zoning and development laws with which it had to comply pursuant to §§ 66426, 66452, 66452.2, and 66428 of the California Government Code.

In support of this argument, defendants rely on *Building Official & Code Administrators International, Inc. v. Code Technology, Inc.*, 628 F.2d 730 (1st Cir.1980). In *Code Technology*, plaintiff published a Model Building Code that Massachusetts adopted by license as state law. Defendant published an edition of the Massachu-

setts Building Code, and was sued for copyright infringement by plaintiffs. The court denied a preliminary injunction motion, holding that the Federal Copyright Act did not protect the plaintiff against loss of its protection through adoption of material from the Model Code as state law.

Defendants' "governmental enactment" argument is unpersuasive. There is no basis for a holding that the Tentative Map is an administrative ruling, legislative enactment, or similar official document. Unlike the building code at issue in *Code Technology*, the Map is not a self-executing ordinance. The analogous enactment consists of Resolution 1165 that approved the Tentative Map. The Map itself was merely approved and was not transformed by this act into law.

Second, defendants argue that approval of the Tentative Map constituted a land use decision that benefited all present and subsequent owners of the property, and that as successors in interest, they are entitled to develop in accordance with the Tentative Map. In essence, defendants contend that they "could not and cannot develop the Del Madera Property except in accordance with the approved Precise Plan and Tentative Map. The Town of Tiburon has made it abundantly clear that the only permitted development of the Del Madera Property is that which is embodied in the Precise Plan and Tentative Map." Reply Brief in Support of Defendants' Motion for JNOV at 10. However, defendants were free to submit modifications to the recorded map to the town council in an attempt to gain approval. *See* Cal.Govt. Code § 66472.1. Alternatively, defendants are free to develop the property in accordance with the Tentative Map and to pay plaintiffs the value of the copyright.

In support of their argument that the Tentative Map constitutes a land use decision that runs with the property, defendants rely on *Scrogings v. Kovatch*, 64 Cal. App.3d 54, 134 Cal.Rptr. 217 (1976), in which the court held that a restriction set out on the face of a final subdivision map prohibiting further lot division until the installation of sewers was enforceable against a buyer who purchased without any restrictions in the deed. In *Scrogings*, however, no issue of copyright was involved.

### C.

■ Defendants make numerous additional arguments in support of their motion, all of which have been rejected by the Court on prior occasions. First, defendants argue that Edgar Ross did not author the Tentative Map. The issue of authorship, however, is a factual question for resolution by the jury. *Sargent v. American Greetings Corp.*, 588 F.Supp. 912 (N.D. Ohio 1984). Edgar Ross's testimony presented substantial evidence in support of plaintiffs' claim of authorship. Second, defendants argue that ideas that cannot be protected are indistinguishable from protected expression in a Tentative Map and, thus, the Map is not copyrightable. *See Herbert Rosenthal Jewelry Corp. v. Kalpakian*, 446 F.2d 738 (9th Cir.1971). This particular Tentative Map, however, is but one of many possible plans for development of the property. Third, defendants argue that plaintiffs published the Map without proper copyright notice, and failed to cure this omission in the manner specified by *O'Neill Developments, Inc. v. Galen Kilburn, Inc.*, 524 F.Supp. 710 (N.D.Ga. 1981). This matter was settled by the jury on the basis of substantial evidence. Finally, defendants seek to apply various equitable defenses, none of which is supported by the evidence presented at trial.

Accordingly,

IT IS HEREBY ORDERED that defendants' motion for judgment *non obstante veredicto* is DENIED.