494 So.2d 24 (1986)
Ex parte Dorothy HANDLEY.
(In re Dorothy HANDLEY v. CITY OF BIRMINGHAM, et al.)
85-122.
Supreme Court of Alabama.
July 18, 1986.
Richard A. Meelheim and James M. Fullan, Jr. of Beddow, Fullan & Vowell, Birmingham, for petitioner.
William M. Pate, Jr., Birmingham, for respondents.

ON APPLICATION FOR REHEARING
TORBERT, Chief Justice.
Handley petitioned for a writ of mandamus to compel the trial court to vacate its order granting a new trial.[1] The writ was denied without opinion on November 14, 1985. Handley's application for rehearing is granted.
Handley sued the City of Birmingham (hereinafter "City") for negligence. The jury returned a verdict in favor of Handley, and judgment was entered in accordance with that verdict. The City filed motions for judgment notwithstanding the verdict (JNOV) and new trial. The trial court granted JNOV, finding no evidence of proximate cause. Handley appealed and we reversed, finding at least a scintilla of evidence on the proximate cause issue. Handley v. City of Birmingham, 475 So.2d 1185 (Ala.1985). Upon remand, the trial court granted a new trial. Handley now contends that the trial court was without authority to order a new trial.
Rule 50(c)(1), Alabama Rules of Civil Procedure, provides that if a motion for JNOV is granted "the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed." The rule is mandatory ("shall also rule"), and it is error not to rule on the new trial motion. White v. Packer, 345 So.2d 312 (Ala.Civ.App.1977); cf. Gordon Mailloux Enter., Inc. v. Firemen's Ins. Co., 366 F.2d 740 (9th Cir.1966). The City did not on direct appeal raise the issue of the trial court's failure to conditionally rule on the new trial motion.[2] The City had a *25 right to have the motion ruled on, A.R.C.P. 50(c)(1), and had an opportunity to appeal from the failure of the trial court to rule on the motion or to otherwise raise the issue on appeal. By failing to raise that issue, the City waived it. Barrett v. Farmers & Merchants Bank of Piedmont, 451 So.2d 257 (Ala.1984).
Consequently, the trial court had no discretion to grant a new trial upon remand after this Court's reversal of the order granting JNOV. Therefore, the writ of mandamus is due to be granted. Ex parte Alabama Power Co., 431 So.2d 151 (Ala. 1983). The trial court shall enter judgment in favor of Handley.
APPLICATION FOR REHEARING GRANTED; WRIT OF MANDAMUS GRANTED.
JONES, ALMON, BEATTY, ADAMS, HOUSTON and STEAGALL, JJ., concur.
MADDOX and SHORES, JJ., dissent.
MADDOX, Justice (dissenting).
This is a case of first impression, and the substance of the holding in the case is that a litigant, although successful in getting the trial court to grant a judgment notwithstanding the verdict, nevertheless must suffer having the verdict reinstated if he fails to obtain a ruling on his alternative motion for a new trial.
A strikingly similar situation has encountered in a federal case, Gordon Mailloux Enterprises, Inc. v. Firemen's Insurance Co., 366 F.2d 740 (9th Cir.1966). In that case the court held as follows:
"The jury found for Merchants but the court on Firemen's motion entered judgment notwithstanding the verdict. This disposition was error, for consideration of the proof favorable to Merchants (Railway Express Agency, Inc. v. Mallory, 168 F.2d 426 (5th Cir.1948)) reveals `substantial evidence' (Butte Copper & Zinc v. Amerman, 157 F.2d 457, 458 (9th Cir.1948 [1946])) to support the jury's determination. Both Fritsche and Luce, Merchant's president and manager, were among the witnesses; they gave testimony to the effect that the matter of typhoon coverage for Merchants had been discussed and the details adequately settled upon at a meeting between them on November 8, and that two days later Fritsche made and delivered to Mrs. Luce the written binder which evidenced Firemen's commitment to insure Merchants against such loss.

"Our conclusion that the present judgment cannot stand does not necessarily require entry of judgment on the verdict. Firemen's moved for judgment N.O.V. or, in the alternative, for a new trial on the ground, among others, that the verdict was against the clear weight of evidence. Fed.R.Civ.P. 50(b); Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 250, 61 S.Ct. 189, [193-94] 85 L.Ed. 147 (1940).... The court was not limited to a choice between the two motions and, since each had its own office, the ruling upon the one did not dispose of the other. In recognition of the different considerations underlying these respective motions, and to expedite the ultimate disposition of litigation, Rule 50(c)(1) and (d), in effect at the time the motions were made, required rulings on both. However, the court made no conditional ruling on the motion for new trial. We have, it is true, held that upon reversal of a judgment N.O.V., in which a new trial was conditionally granted, this court might also reverse the latter order and direct entry of judgment on the verdict forthwith. Moist Cold Refrigerator Co. v. Lou Johnson Co., 249 F.2d 246 (9th Cir.1957), cert. denied, 356 U.S. 968, 78 S.Ct. 1008, 2 L.Ed.2d 1074 (1958). But in *26 this case, even if the trial court so ruled, we would not overturn the order, for here the evidence is such that the decision is properly one for the trial court in the exercise of its discretion. The trial court must now act upon the undisposed of motion." (Emphasis added.)
This is exactly what the trial judge did in this case. On general remand by this Court, the trial judge acted on the motion that his earlier grant of judgment N.O.V. had rendered moot.
The procedure this Court adopted on original deliverance is certainly not rare. The United States Court of Appeals for the Fifth Circuit, in the case of Moore v. Missouri Pacific R.R. Co., 264 F.2d 754 (1959) at 757-58, upon finding judgment N.O.V. improper, stated: "Instead, however, of here directing entry of judgments on the verdicts for appellants, we order the judgment reversed and the cause remanded to afford the district judge the opportunity to determine whether judgment should be entered on the verdicts or whether a new trial should be granted."
In a similar case, the Eighth Circuit Court of Appeals, in Nodak Oil Co. v. Mobil Oil Corp., 526 F.2d 798 (1975), wrote:
"This matter came before this court for argument and final submission on November 14, 1975. The record reveals that in the district court the defendant, Mobil Oil Corporation, moved for a judgment notwithstanding the verdict or, in the alternative, for a new trial pursuant to Fed.R.Civ.P. 50 following a jury trial which resulted in a verdict in favor of plaintiff, Nodak Oil Company. The district court in its memorandum and order at 391 F.Supp. 276 (D.N.D.1975) granted the motion by Mobil for a judgment notwithstanding the verdict but did not specifically rule on the alternative motion for a new trial.
"According to Fed.R.Civ.P. 50(c)(1), if a motion for a judgment n.o.v. is granted,
"`the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial.'
This `inflexible command' to rule conditionally on the new trial motion is a codification of the principles established by the Supreme Court in Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 253, 61 S.Ct. 189, [195] 85 L.Ed. 147 (1940). See Gordon Mailloux Enterprises v. Firemen's Insurance Co., 366 F.2d 740, 741-42 (9th Cir.1966). See generally Mays v. Pioneer Lumber Co., 502 F.2d 106, 109-10 (4th Cir.1975); McClain v. Seaboard Coast Line Railroad, 473 F.2d 357, 358 & n. 1 (5th Cir.1973); Bryant v. Rankin, 332 F.Supp. 319, 324 (S.D.Iowa 1971); J. Moore, Federal Practice ¶ 50.13[1] (1975). This language was added to Rule 50 in 1963 in order `to clarify the proper practice under this Rule.' Neely v. Eby Construction Co., 386 U.S. 317, 322, 87 S.Ct. 1072, 1077, 18 L.Ed.2d 75 (1967).
"In view of the district court's failure in the instant case to make the required conditional ruling on the alternative motion for a new trial, we retain jurisdiction and remand this case for the purpose of such a ruling pursuant to Fed.R.Civ.P. 50(c)(1).
"The district court shall certify to this court its ruling on the alternative motion of defendant, Mobil Oil Corporation, for a new trial. The party adversely affected by the conditional ruling on the motion for new trial shall have fifteen (15) days in which to file its brief with this court in opposition thereto. The prevailing party shall have fifteen (15) days in which to respond. The matter will then be considered fully submitted. See generally Fireman's Fund Insurance Co. v. AALCO Wrecking Co., Inc., 466 F.2d 179, 185-87 (8th Cir.1972), cert. denied, 410 U.S. 930, 93 S.Ct. 1371, 35 L.Ed.2d 592 (1973)."
Although federal cases construing the Federal Rules of Civil Procedure are not *27 binding on this Court, this Court has held that decisions of federal tribunals are persuasive. Duncan Construction Co. v. R & P Properties, 460 So.2d 852 (Ala.1984).
Rule 1(c), Ala.R.Civ.P., states that the Rules should be construed to assure the "just, speedy and inexpensive" determination of every action, and the Committee Comments to Rule 1 make it clear that this determination is to be "on the merits." It seems unjust to me to hold that a party who has obtained a judgment setting aside a verdict in a case is under a duty to take an appeal from the failure of the trial judge to conditionally rule upon his alternative motion for a new trial. How would a party raise the failure of the trial judge to rule on his alternative motion for a new trial? By filing a writ of mandamus with the appropriate appellate court, or by appealing within 42 days after the motion would be considered denied under the provisions of Rule 59.1, Ala.R.Civ.P.? What would be the issue on a mandamus petition or on an appeal? The issue, in my opinion, would be whether the trial court erred in failing to follow the mandate of the Rules to make a conditional ruling on the alternative motion for a new trial. What would this Court order in such a situation? It would order a ruling by the trial court on the alternative motion for new trial, not a reinstatement of the verdict.
Rule 50(c)(1), Ala.R.Civ.P., provides as follows:
"If the motion for judgment notwithstanding the verdict, provided for in subdivision (b) of this rule, is granted, the court shall also rule on the motion for a new trial, if any, by determining whether it should be granted if the judgment is thereafter vacated or reversed, and shall specify the grounds for granting or denying the motion for the new trial. If the motion for a new trial is thus conditionally granted, the order thereon does not affect the finality of the judgment. In case the motion for a new trial has been conditionally granted and the judgment is reversed on appeal, the new trial shall proceed unless the appellate court has otherwise ordered. In case the motion for a new trial has been conditionally denied, the appellee on appeal may assert error in that denial; and if the judgment is reversed on appeal, subsequent proceedings shall be in accordance with the order of the appellate court." (Emphasis added.)
If the trial court, therefore, conditionally grants the motion for a new trial, Rule 50(c)(1) states that "the order thereon does not affect the finality of the judgment." (Emphasis added.) But what if the trial court does not rule upon the motion for new trial? Are all the issues between the parties finally disposed of? In this case the appellant appealed from the judgment n.o.v. within the 42 days allowed by the rules, but at that time the trial judge had made no ruling on the alternative motion for a new trial. In similar situations where there is still pending in the trial court an issue upon which no adjudication has been made, this Court, on its own motion, will remand the cause to the trial court to allow proceedings pursuant to the provisions of Rule 54(b). See Foster v. Greer & Sons, Inc., 446 So.2d 605 (Ala.1984). Should we not follow the same procedure in this case?
Furthermore, the opinion by the majority states that "[t]he City has a right to have the motion ruled on, Ala.R.App.P. 50(c)(1), and had an opportunity to appeal from the failure of the trial court to rule on the motion or to otherwise raise the issue on appeal." Under the Rules of Civil Procedure, assuming the majority correctly states the law, the City's alternative motion for a new trial was not deemed denied until it had remained pending in the trial court for more than 90 days. Rule 59.1, Ala.R. Civ.P. Does the majority opinion hold that the City could have appealed within 42 days after expiration of the 90-day period? If so, would the City have been required to follow all of our rules regarding the preparation of another record, and the filing of separate briefs? I pose these questions, but do not answer them, to point out that the most "just, speedy and inexpensive" determination of this cause would have *28 been for this Court, on its own motion, to retain jurisdiction of the original appeal and remand the cause to the trial court for a ruling on the alternative motion for a new trial. I cannot tell from the report of the Nodak case, supra, whether that court acted on its own motion or on motion of the appellee, but, in any event, this Court has for some time now checked each case which is appealed to this Court to determine if any issues are still pending in the trial court. If we determine that there are, we remand the cause to the trial court for possible proceedings pursuant to the provisions of Rule 54(b). Foster v. Greer & Sons, Inc., 446 So.2d 605 (Ala.1984). The procedure outlined in Nodak, in my opinion, closely follows what this Court should have done in this case. Even though we failed to remand the case before ruling on the propriety of the judgment n.o.v., we reached the correct result in remanding the case for the trial court to rule on the City's motion for a new trial.
In this case, this Court was not requested by the plaintiff, on original deliverance, to reconsider its judgment, which reads as follows: "The defendant's judgment notwithstanding the verdict is reversed, and the cause is remanded." 475 So.2d at 1187. Although the plaintiff did in her original appeal request that this Court "reverse the trial court and reinstate the judgment in favor of the plaintiff," this Court's order on original deliverance did not grant that specific relief, and the plaintiff did not, on application for rehearing, request the Court to grant to her the relief she now seeks by petition for writ of mandamus. Under the doctrine of the majority opinion, would not that failure to request a rehearing as to the "remand" judgment also constitute a "waiver" of her right to attack the validity of our original judgment?
There are so many procedural problems connected with this case that I am of the opinion we should not overturn our original judgment, entered August 30, 1985, which remanded this cause to the trial court.
I would not grant rehearing. I believe that the "just" result is to allow our original judgment of "remand" to stand, because the plaintiff could have asked, at that time, for the same determination she receives by the majority opinion at this time. Consequently, I respectfully dissent.
SHORES, J., concurs.
NOTES
[1] Handley also appealed from the order granting a new trial. The appeal was dismissed on November 14, 1985. 482 So.2d 301. No rehearing application was filed as to the dismissal of the appeal.
[2] The City would have no incentive to appeal the failure to rule on the alternative motion for new trial, because it was granted the greater relief of a judgment in its favor. Only upon Handley's appeal from the granting of JNOV did the City have a reason to be concerned about the failure to rule on the alternative motion for new trial. The City, as appellee, could have raised the issue on Handley's appeal without filing a cross-appeal. Minthorne v. Seeburg Corp., 397 F.2d 237 (9th Cir.1968); cf. Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 61 S.Ct. 189, 85 L.Ed. 147 (1940).