[No. F027661. Fifth Dist. Feb. 26, 1999.]

LANCE LE GAULT et al., Plaintiffs and Appellants, v.
MELVIN J. ERICKSON et al., Defendants and Respondents.

370

**COUNSEL**

Ramon C. Grolock for Plaintiffs and Appellants.

Richard L. Mikesell for Defendants and Respondents.

OPINION

STONE (W. A.), Acting P. J.—

BACKGROUND

The facts in this appeal are not in dispute. Prior to June 1984, William and Patricia Staunton owned lots Nos. 448, 449, and 450[1] of tract No. 3430 in Kern County. On June 6, 1984, they merged the three lots to create one undivided parcel. At their request, the Kern County Planning Department recorded a certificate of compliance, which certified the described parcel complies with the Subdivision Map Act (hereafter SMA). (Gov. Code,[2] §§ 66410-66499.37.[3]) The certificate noted "[t]he recordation of this document is evidence of the removal of the lot lines previously existing between the above-noted lots. The lots are hereby merged and may not be divided or offered for sale individually without proper compliance with the Subdivision Map Act."

Approximately 18 months later, the Stauntons borrowed $35,000 from Melvin J. Erickson, respondent.[4] The loan was secured by a deed of trust and power of sale in which the property taken as security was designated as lot No. 448. Respondent recorded the deed of trust October 3, 1985. He did not conduct a title search.

Several weeks later, the Stauntons borrowed $200,000 from appellants, Lance and Teresa Le Gault. That loan was secured with a deed of trust and power of sale for "Lots 448, 449, 450, and 451 of Tract No. 3430," which we refer to as "Parcel 1." It was noted on the deed of trust that it was being recorded "THIRD AND SUBJECT TO THE EXISTING FIRST AND SECOND TRUST DEEDS OF RECORD." The second trust deed referred to was the respondent's deed of trust covering lot No. 448. Appellants recorded their deed of trust on October 21, 1985.

The Stauntons defaulted on both loans. Appellants initiated foreclosure proceedings first, obtaining title to Parcel 1 with a trustee's deed upon sale.

---

[1]At some point the Stauntons acquired lot No. 451. However, the acquisition and subsequent history of that lot are unimportant to the issue we consider here.

[2]All further statutory references are to the Government Code unless otherwise noted.

[3]Section 66499.35 states, in part: ". . . Any person owning real property or a vendee of that person pursuant to a contract of sale of the real property may request, and a local agency shall determine, whether that real property complies with the provisions of this division and of local ordinances enacted pursuant thereto. Upon making the determination, the city or the county shall cause a certificate of compliance to be filed for record with the recorder of the county in which the real property is located. . . ."

[4]Richard L. Mikesell, Erickson's attorney and trustee of the deed of trust, is also a respondent in the action. Our references to "respondent" include him as well.

It was recorded March 18, 1988. Respondent put appellants on notice that he intended to foreclose on lot No. 448 as a senior lienholder. The trial court denied appellants' motion for a temporary restraining order to prevent the sale and this court denied the writ of mandate to reverse that decision. On May 9, 1995, respondent recorded title to lot No. 448 after foreclosing on the property.

On January 24, 1996, Kern County recorded a "Notice of Violation" under the SMA. The document stated respondent's deed divided Parcel 1 in violation of the provisions of the SMA. On March 19, Kern County recorded a conditional certificate of compliance. It stated no development could take place on Parcel 1 or lot No. 448 until either (1) a parcel map or parcel map waiver was filed and recorded to reflect the current division of property; or (2) a lot line adjustment was filed and recorded to merge the parcels into Parcel 1.

Appellants filed their first amended complaint on May 22, 1995. It claimed four causes of action: for declaratory relief, for quiet title, to set aside respondent's trustee sale, and for cancellation of respondent's trustee sale. The thrust of the complaint alleged respondent had no claim to lot No. 448 because his deed violated the SMA, a fact he would have known had he conducted a title search. On October 30, 1996, the court entered judgment designating appellants as owners of lot Nos. 449, 450, and 451, and respondent as owner of lot No. 448. In its tentative decision, the court found appellants had no standing to void the deed between respondent and the Stauntons and only respondent, pursuant to section 66499.32, could void the deed upon discovery that it violated the SMA. The court also noted appellants took title to Parcel 1 with actual and constructive notice of the senior liens.

## DISCUSSION

■ As a preliminary matter, we note the issue before us requires independent review. "It is well settled that the interpretation and application of a statutory scheme to an undisputed set of facts is a question of law . . . which is subject to de novo review on appeal . . . ." (*Rudd* v. *California Casualty Gen. Ins. Co.* (1990) 219 Cal.App.3d 948, 951 [268 Cal.Rptr. 624].)

Section 66499.32 provides:

"(a) *Any deed* of conveyance, sale or contract to sell real property which has been divided, or which has resulted from a division, in violation of the provisions of this division, or of the provisions of local ordinances enacted

pursuant to this division, *is voidable at the sole option of the grantee,* buyer or person contracting to purchase, his heirs, personal representative, or trustee in insolvency or bankruptcy *within one year after the date of discovery of the violation of the provisions of this division or of local ordinances enacted pursuant to the provisions of this division,* but the deed of conveyance, sale or contract to sell is binding upon any successor in interest of the grantee, buyer or person contracting to purchase, other than those above enumerated, and upon the grantor, vendor, or person contracting to sell, or his assignee, heir or devisee.

"(b) Any grantee, or his successor in interest, of real property which has been divided, or which has resulted from a division, in violation of the provisions of this division or of local ordinances enacted pursuant thereto, may, within one year of the date of discovery of such violation, bring an action in the superior court to recover any damages he has suffered by reason of such division of property. The action may be brought against the person who divided the property in violation of the provisions of this division or of local ordinances enacted pursuant thereto and against any successors in interest who have actual or constructive knowledge of such division of property.

*"The provisions of this section shall not apply to the conveyance of any parcel of real property identified in a certificate of compliance filed pursuant to Section 66499.35 or identified in a recorded final map or parcel map, from and after the date of recording.*

"The provisions of this section shall not limit or affect in any way the rights of a grantee or his successor in interest under any other provision of law." (Italics added.)

Appellants contend section 66499.32, which allows the purchaser to void a sale of property divided in violation of the SMA, is inapplicable to respondent because a certificate of compliance had been recorded. As such, he is bound by the merger of lot No. 448 into Parcel 1 and cannot, at his discretion, affirm the terms of the deed. In response, respondent points out virtually every piece of property has either a certificate of compliance or is identified in a recorded final or parcel map. Thus, under appellants' interpretation, section 66499.32 would be rendered useless. To circumvent this result, respondent suggests the better interpretation is that a person who attempts to void the deed is precluded from doing so once the seller cures the defect by obtaining either a certificate of compliance or a parcel map.

We cannot adopt appellants' interpretation. Because almost all property subject to division must be recorded on a final or parcel map

(64 Ops.Cal.Atty.Gen. 549, 550 (1981); §§ 66426, 66428), limiting the application of section 66499.32 would nullify its application in almost every instance. We also decline to endorse respondent's interpretation, and instead adopt a meaning that, in our view, better explains this section. We find no precedent on this issue. Our analysis of section 66499.32 rests primarily upon common sense and fundamentals in real property law.

The purpose of section 66499.32 is to provide the buyer the option of voiding the purchase contract in the event the seller has violated the SMA. ■ "A voidable contract is one where one or more parties have the power, by a manifestation of election to do so, to avoid the legal relations created by the contract . . . ." (Rest.2d Contracts, § 7.)

■ In our opinion, the limitation at issue seeks to prevent challenge of a deed based upon an allegedly invalid property division when that division has been previously adjudged as proper. In other words, the buyer is denied the option of voiding the contract whenever a certificate of compliance, parcel map, or final map exists to ratify the seller's compliance with the SMA. It does not, on the other hand, operate to preclude a buyer from voiding a sale when the seller violates the SMA and, by doing so, also violates the certificate of compliance, parcel map, or final map. Two hypothetical sets of facts demonstrate our point:

1. "A" buys a parcel of real property from "B." Subsequent to the sale, "A" seeks to void the contract because he learned the property had been improperly subdivided. "B" presents a certificate of compliance, which states the property at issue has, in fact, been properly subdivided. "A" is now precluded under section 66499.32 from voiding the deed regardless of other evidence he may have.

2. "B" owns land merged into one parcel. The county has recorded a certificate of compliance validating the merger. "A" buys a portion of the parcel from "B." He later discovers the property he purchased had been subdivided in violation of the SMA and the certificate of compliance. "A," the *purchaser*, should be allowed to void the contract pursuant to section 66499.32. To deny him this recourse would be to reward the seller for insulating himself from the consequences of his actions simply by obtaining a certificate of compliance before violating its terms and the SMA. If the seller were so insulated, the purchaser would be precluded from voiding the deed by the existence of the very document that, ironically, proves his point and substantiates his pursuit of that remedy. We cannot believe the Legislature intended such a result. "The act does not require an innocent purchaser to suffer for a violation by his grantor." (*Scrogings* v. *Kovatch* (1976) 64 Cal.App.3d 54, 58 [134 Cal.Rptr. 217].)

Accordingly, we hold the limitation set forth in section 66499.32 applies when the certificate of compliance or recorded map serves to defeat the contention that a seller violated the SMA. It does not apply, however, when either of these documents themselves constitutes the proof of a violation. As such, the *limitation* in section 66499.32 does not apply to respondent and the choice of voiding the deed within one year of discovering the SMA violation was his. He elected not to take it, thereby affirming the contract. His interest in lot No. 448 is valid. Appellants have no standing to void respondent's deed, which in itself is fatal to their cause of action. (§ 66499.32, subd. (a).)

The trial court correctly found appellants to be the owners of lots Nos. 449, 450 and 451, and respondent to be the owner of lot No. 448.

## DISPOSITION

The judgment is affirmed with costs on appeal to respondent.

Harris, J., and Buckley, J., concurred.

Appellants' petition for review by the Supreme Court was denied May 12, 1999.